CITY OF LITTLE ROCK v. TATE.

4-8414 209 S. W. 2d 92

Opinion delivered March 1, 1948.

Rehearing denied March 29, 1948.

*T. J. Gentry, W. J. Kirby* and *Frank H. Cox,* for appellant.

*Cooper Jacoway* and *Edward E. Stocker,* for appellee.

ED. F. McFADDIN, Justice. Appellee sought to compel the city engineer and city collector of Little Rock to issue to him a permit for the construction of a four-room residence. The complaint alleged that the plaintiff had "complied with all the prerequisites established for obtaining the necessary building permit, but the defendants arbitrarily, unreasonably and capriciously refused to issue to him the requested permit." The defendants (City of Little Rock and its engineer and collector) denied the allegations of the complaint. The cause proceeded to trial in the chancery court; and, from a decree granting the desired relief, there is this appeal.

Appellee testified that, when he first made application to the city engineer's office for a building permit, he was told that all that he lacked was a foundation plan drawn to scale; that, when he submitted such plan to the city engineer's office, he was then told that he "had to have several other things"; and that, when he obtained such other required data, he was even then refused a permit. Appellee also testified that he then consulted an attorney, who talked with the city engineer and advised appellee to renew his request for permit; but that, again, the desired building permit was refused. The various matters which appellee submitted to the city engineer's office were offered in evidence; they were: (a) a blueprint showing the floor plans and side elevation; and giving information as to footing, siding, roof and height of the residence; (b) blueprint showing foundation plan and piers; (c) a magazine picture showing the front of a residence similar to the one appellee was planning to build; and (d) letters of July 14th and 16th, 1947, containing other details and a check for the permit fee. Appellee testified that he was going to do a portion of the work on the house in order to save expenses, and that the city engineer was trying to compel appellee to pay an architect to prepare the plans and thus subject appellee to considerable unnecessary expense.

Appellants showed that the building code of the City of Little Rock, as construed by the city engineer for many years past, requires that the applicant file both a front elevation and side elevation drawn to scale; that appellee had furnished only the side elevation; and that the picture could not be used in lieu of the front elevation. Appellants' contention is summarized in their brief in this language:

"In the instant case, L. V. Tate, Jr., made application for a permit for the construction of a house, and submitted therewith the necessary plans with the exception of a front elevation. A photograph from a magazine was tendered to the city engineer in lieu of the required front elevation.

"The city engineer rejected the photograph as an elevation drawn to scale, because it did not supply the necessary information needed by him in his execution of the building code, and refused to issue the building permit requested."

The city engineer, Mr. Zander, testified that all he was trying to do was to enforce the city's requirements, all of which he considered to be reasonable; that a high school student could draw the required front elevation; that the cost of such a drawing would be only a few dollars; and that the city engineer did not have the time to prepare such a drawing, neither did he have the personnel with knowledge to do it.

Without lengthening this opinion by detailing all the evidence, we conclude that the question here is, not whether the city's requirements are reasonable—we hold that they are—; but, rather, the question is, whether the city officials were arbitrary in their method of dealing with appellee. Why first require only a foundation drawing, and then later other matters? Why require appellee to make four trips and consult a lawyer, if all appellee needed was a drawing "that a man from high school" could do?

This case affords an excellent example of the wisdom of the rule * that the findings of the chancellor will not be disturbed on a disputed question of fact, unless such findings are against the preponderance of the evidence. The witnesses in this case testified in open court, so the chancellor heard them, and observed their demeanor. He could tell whether the attitude of the city engineer's office was bureaucratic or coöperative. Likewise, the chancellor could tell whether the appellee was (a) anxious to argue on every point or (b) bewildered and thwarted by regulations. The chancellor saw the parties; we see only the printed page. So, in a case like this one—where the attitude of the parties is the decisive issue—we necessar-

* For cases stating and applying this rule, see West's Arkansas Digest, "Appeal and Error," § 1009 (4).

ily affirm the chancellor's findings, since they are not contrary to the preponderance of the evidence.

Affirmed.

Mr. Justice MILLWEE not participating.